
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2017

## TAMIR CLARK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
No. F-66462          Royce Taylor, Judge

_____

### No. M2016-01079-CCA-R3-ECN
_____

In 2012, the Petitioner, Tamir Clark, pleaded guilty to especially aggravated kidnapping, arson, especially aggravated robbery, and attempted first degree murder. The Petitioner later filed a post-conviction petition alleging ineffective assistance of counsel and that his guilty plea was involuntary. The post-conviction court denied the petition, and this Court affirmed the denial on appeal. *See State v. Tamir Clark*, No. M2014-00618-CCA-R3-PC, 2014 WL 7191536, at *1 (Tenn. Crim. App., at Nashville, Dec. 18, 2014), *perm. app. denied* (Tenn. April 13, 2015). On February 24, 2016, the Petitioner filed a petition for a writ of error *coram nobis* alleging newly discovered evidence. In March 2016, the trial court issued an order dismissing the petition as time-barred. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Tamir Clark, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Jennings H. Jones, District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts and Procedural History

The Petitioner pleaded guilty, on November 21, 2012, to especially aggravated kidnapping, arson, especially aggravated robbery, and attempted first degree murder of his stepmother. These convictions arose out of the Petitioner's breaking into his

stepmother's residence, attacking her, stabbing her, and then dragging her from the residence and placing her in her vehicle parked in the driveway. The Petitioner attempted to steal the vehicle but instead started a fire in the front compartment of the vehicle. The Petitioner's stepmother was pulled out of the vehicle before it ultimately exploded.

The Petitioner, *pro se*, filed a petition for writ of error *coram nobis* on February 24, 2016, alleging newly discovered evidence. He asserted that the newly discovered evidence was the victim's hospital records that he claimed showed that the victim was not treated for stab wounds and that she did not suffer from life-threatening injuries. The Petitioner asserted that he did not receive this evidence from his attorney until October 9, 2015, and that this evidence would have provided him a defense for trial.

After reviewing the petition, the trial court filed an order denying relief. In its order dated, March 11, 2016, the trial court made the following findings:

> The Court finds the claim concerning the hospital records is time barred and filed outside of the applicable statute of limitations designated for this type of relief. Although the statute of limitations would have expired in December 2013, the claimed grounds for relief did not arise until October 2015. This Court finds, however, that a strict application of the limitations period does not deny the petitioner a reasonable opportunity to present his claim. Because the hospital records upon which [petitioner] relies as his grounds for relief were in the possession of [petitioner]'s attorney at the time of the plea, the records were not hidden or unknown. The records could have been addressed at trial or during plea negotiations.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner argues that the trial court erred when it dismissed his petition for a writ of error *coram nobis* because newly discovered evidence entitles him to relief. He argues that his attorney was ineffective for failing to inform him of the hospital records and that he filed his writ of error *coram nobis* four months after learning of the hospital records; thus, the trial court should not have found his claim time-barred. The State responds that the Petitioner is not entitled to *coram nobis* relief because the convictions are the result of a guilty plea. We agree with the State.

Tennessee Code Annotated section 40-26-105 (2012) provides:

There is hereby made available to convicted defendants in criminal cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or *newly discovered evidence relating to matters which are litigated at the trial* if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

(emphasis added). It is well-established that the writ of error *coram nobis* "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Generally, a decision whether to grant a writ rests within the sound discretion of the *coram nobis* court. *See State v. Hart*, 991 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We, therefore, review for abuse of discretion. *See State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

As the State correctly notes, the Tennessee Supreme Court recently held in *Frazier v. State,* that *coram nobis* relief "is not available as a procedural mechanism for collaterally attacking a guilty plea." 495 S.W.3d 246, 253 (Tenn. 2016). As the Petitioner's convictions are the result of a guilty plea, he is not entitled to *coram nobis* relief.

### III. Conclusion

Based upon the foregoing reasoning and authorities, we affirm the trial court's dismissal of the Petitioner's petition.

_____
ROBERT W. WEDEMEYER, JUDGE